## SCHOOLEY et al. v. DIMMICK et al.

(Court of Appeals of District of Columbia.
Submitted April 6, 1926. Decided
June 1, 1926.)

No. 4375.

Religious societies ⚖══32.

Bill alleging incorporation of church, purchase of property by corporation, subsequent consolidation with unincorporated organization and changing of its name under D. C. Code, § 602, and subsequent sale of church property, *held* properly dismissed as insufficient to justify receivership, where all acts were approved by trustees and members.

Appeal from the Supreme Court of the District of Columbia.

Suit by E. E. Schooley and others against Bertram M. Dimmick and others. From a decree dismissing the bill, plaintiffs appeal. Affirmed.

R. H. McNeill, of Washington, D. C., for appellants.

F. S. Perry and J. E. Laskey, both of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. The appellants, as plaintiffs, filed a bill of complaint against the appellees, praying for the appointment of a receiver for the Church of Life and Joy, a corporation, and for a distribution of its assets. The bill was dismissed for want of equity upon motion of the defendants, whereupon this appeal was taken.

The bill discloses in effect that on September 25, 1919, the Church of Life and Joy was incorporated in the District of Columbia, for religious and religious educational purposes, and that the plaintiffs and certain of the defendants were among its contributing members and trustees. The by-laws adopted by the organization provide that there shall be nine trustees, who shall be elected annually and shall serve for three years, and until their successors are duly elected and qualified, that new members may be admitted by a vote of not less than five trustees, and that "the action of the board of trustees shall be final, and shall not be subject to ratification by members of the church." Thereafter, in 1919, contributions were solicited and a fund of $5,000 was raised, wherewith a church home was purchased in the name of the corporation; the title being conveyed, so far as appears by an ordinary deed of conveyance to the corporation, subject to a certain mortgage indebtedness then upon the property.

At this time there existed in the District "a so-called scientific organization," said to have been promoted by four of the defendants, called the National Science of Truth Association, unincorporated, and at a meeting of the members of the church held on April 9, 1922, which plaintiffs allege was illegally and fraudulently called, resolutions were passed in favor of consolidating the two organizations, and of transferring the church property to the said association. Such a transfer, however, was not made, but on January 11, 1923, at a meeting of the church members, the legality of which also is denied by plaintiffs, the name of the church corporation was changed from Church of Life and Joy to National Science of Truth Association, whose term was to be perpetual. A certificate of the president and secretary of the corporation, that more than two-thirds of the trustees had consented in writing to the change, was filed in the office of the recorder of deeds of the district.

From and after that time the boards of trustees of the respective organizations were composed of the same persons, and the affairs of the organizations were managed conjointly. The church property was afterwards sold and conveyed by the trustees to an outside purchaser, one Schippert, who assumed the mortgage indebtedness upon the property, and in addition paid a net consideration of $15,000 to the corporation. Of this sum $5,000 was paid in cash, and was at once distributed by the trustees, professedly among contributing members entitled to it, and the sum of $10,000 was received in the form of a promissory note, now, however, changed in form to $5,000 cash and a note for $5,500, both of which were placed in charge of the defendant, the Riggs National Bank, to await a settlement between the claimants.

The plaintiffs claim that all of these proceedings were illegal and in bad faith, and done for the covert purpose of transferring the church property to the National Science of Truth Association or to certain of the defendants, without consideration, and to the wrongful prejudice of the plaintiffs and of the church corporation. They allege that the corporation has become defunct, and pray that a receiver be appointed to take charge of its assets and distribute them under orders of the court. On the other hand, one of the defendants, claiming to be the treasurer of the church corporation, now known as the National Science of Truth Association, claims to be entitled to receive said assets and to administer them in behalf of the corporation under the orders of the trustees thereof.

We think the allegations of the bill of complaint are wanting in equity, and that the lower court was right in dismissing the bill. The church corporation was organized as an independent and self-governing society. The board of trustees was invested with authority to admit new members, and the new members whose participation in the affairs of the society is challenged by plaintiffs were admitted to membership by the board, and its action in that respect is final. Moreover, all of the measures of which plaintiffs complain were approved by the majority of the board and of the church membership.

The change of the corporation's name was lawfully effected under section 602, D. C. Code, and the fact that the corporation and the unincorporated association then had the same name, and elected the same persons as trustees, is immaterial. The bill does not specify the purpose for which the unincorporated association was organized, but simply calls it a scientific organization, without any statement of its doctrines or principles. The church corporation is not shown to be defunct, but to be functioning as a corporation under the new name lawfully adopted by it, and it does not appear that it has abandoned its former principles or teachings.

The transfer of the church property to Schippert is not shown to be illegal; it was approved by a majority of the board of trustees and church members. Nor does it appear that the plaintiffs were denied the right to vote upon these measures in the same manner as other members. The lower court was right, therefore, in concluding that the bill did not justify the interference of equity in the affairs of the corporation. Watson v. Jones, 13 Wall. 679, 724, 20 L. Ed. 666.

Its decree, accordingly, is affirmed with costs.